UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANCELMA IDALIA LOPEZ BARRIOS,
Petitioner,

v.

CHRISTOPHER LAROSE, et al.,
Respondents.

Case No.: 3:26-cv-05938-JES-JAC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Ancelma Idalia Lopez Barrios' ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a Return to the Petition and Petitioner filed a Traverse. ECF Nos. 4, 5.

Petitioner is a native of Guatemala who was processed and paroled into the United States in September of 2023. ECF No. 1 at 2. The Department of Homeland Security issued Petitioner a Form I-94, which reflected her admission class as "DT." *Id.* Since September 2023, Petitioner alleges that she has remained at liberty within the United States, complied with immigration proceedings, and attended appearances before the Immigration Court. *Id.* On July 11, 2025, Petitioner was arrested and taken into custody by ICE officers after appearing for a master calendar hearing at the Atlanta Immigration Court. *Id.* Petitioner

alleges that Respondents did not provide her with any prior notice that her liberty would be revoked, no individualized explanation for her re-detention, and no opportunity to contest the revocation of her liberty before a neutral decisionmaker. *Id*. Petitioner is currently detained in the Otay Mesa Detention Center in San Diego, California. *Id.*

In their return, Respondents confirm that Petitioner had previously been released from immigration custody on parole pursuant to 8 U.S.C. § 1182(d)(5). ECF No. 4 at 2. Respondents acknowledge that they have "insufficient information regarding termination of that parole" to supply to the Court. *Id.* Respondents further state that they do not oppose the petition and "defer[] to the Court on the appropriate relief." *Id.* at 3.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that she was previously released by the government in September 2023. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Totskii v. LaRose*, No. 26-CV-1053-JES-JLB, 2026 WL 905331 (S.D. Cal. Apr. 2, 2026); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its prior reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of her prior release that existed at the time she was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **October 28, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Jam Sim Jr.

Honorable James E. Simmons Jr.
United States District Judge